# IN THE COURT OF APPEALS OF IOWA

No. 20-0521
Filed May 12, 2021

IN THE MATTER OF THE GUARDIANSHIP AND CONSERVATORSHIP OF OPAL A. HADAWAY.

MARK HADAWAY and THOMAS HADAWAY, Executors of the Estate of Opal A. Hadaway, Deceased,
    Appellants.

_____

Appeal from the Iowa District Court for Hamilton County, Steven J. Oeth, Judge.

Co-Guardians and conservators appeal a district court order directing them to pay attorney fees. **AFFIRMED.**

Mark Hadaway, Story City, self-represented appellant.

Thomas Hadaway, Story City, self-represented appellant.

Justin T. Deppe, Jewell, guardian ad litem for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**MULLINS, Presiding Judge.**

Mark and Tom Hadaway appeal a district court order directing them to pay attorney fees. They argue the district court erred in ordering them to pay fees to a court-appointed guardian ad litem (GAL).

## I.    Background Facts and Proceedings

This case arises from a family dispute that resulted in multiple legal actions related to the estate of Opal Hadaway. In its order, the district court summarized the procedural history leading to this appeal.

> On August 16 of 2018 a petition for relief from elder abuse was filed by Mark and Tom Hadaway in Hamilton County Case [ending 9480]. On August 23, 2018 a petition for appointment of guardian and conservator (involuntary) was filed by [Tom and Mark] Hadaway in Hamilton County Case [ending 6719]. On September 5 of 2018 in both the petition for relief from elder abuse and the involuntary guardianship case, Justin Deppe was appointed as [GAL] for Opal A. Hadaway.[1]
> . . . .
> On February 12 of 2019 there was a petition for appointment of [GAL] and conservator, (voluntary) in Hamilton County Case [ending 6779].
> On March 1 of 2019 there was an order granting the voluntary petition for guardianship and conservatorship that named [Mark and Tom] as co-guardians and co-conservators. In that same order, a March 7, 2019 hearing was cancelled in the involuntary guardianship case. Because there was a voluntary guardianship in place, there was no need for the involuntary guardianship and the case was dismissed on March 15, 2019. . . .
> There is a fourth file involving Opal Hadaway that needs mentioned, [ending 9525]. This is a trust case. That case has also been dismissed. Attorney Deppe was not involved in this case, but apparently it was another legal action going on during the period December 18, 2018 through March 15, 2019 involving [Opal]. Because Deppe was involved in the other cases, he reviewed filings and received information relative to this file.

---

[1] The elder-abuse case was eventually dismissed. An appeal followed, settling claims related to the assessment of costs and attorney fees. *Hadaway v. Hadaway*, No. 19-1683, 2020 WL 3571874, at *1–2 (Iowa Ct. App. July 1, 2020).

Deppe was permitted by court order to submit an affidavit for fees on both cases in which he was appointed. Deppe submitted his request for fees to the attorney who represented Mark and Tom earlier in proceedings related to the guardianship and conservatorship. He received no reply. Deppe then submitted his request for fees directly to Mark and Tom. They declined to pay, resulting in Deppe's petition for GAL fees.

Following a hearing, the district court ordered that Mark and Tom pay Deppe's fees but reduced them by five hours due to the vagueness of Deppe's block billing and factual disputes regarding how many in-person visits he had with Opal. Mark and Tom filed a motion for reconsideration, which was denied. They now appeal.

## II.     Standard of Review

"Actions to set aside or contest wills, for the involuntary appointment of guardians and conservators, and for the establishment of contested claims shall be triable in probate as law actions, and all other matters triable in probate shall be tried by the probate court as a proceeding in equity." Iowa Code § 633.33 (2019). Mark and Tom argue (1) the district court lacked jurisdiction to award the fees because Deppe was not appointed to the voluntary guardianship and conservatorship petition, (2) the district court abused its discretion in awarding fees, (3) Deppe's position as a magistrate in the second judicial district created a conflict of interest between Deppe and the court, and (4) the court went beyond the scope of issues in making findings related to their alleged former attorney. A claim for attorney fees and any resistance in a guardianship or conservatorship is part of administration and is tried in equity. *Id.*; *see In re Estate of Bockwoldt*, 814

N.W.2d 215, 221 (Iowa 2012). Our review of equitable proceedings is de novo. Iowa R. App. P. 6.907. The reasonableness of the awarded fees is reviewed for abuse of discretion. *See, e.g.*, *Bockwoldt*, 814 N.W.2d at 222.

## III. Discussion

### A. Jurisdiction and Scope of Issues

Mark and Tom's first brief point argues the district court lacked subject-matter jurisdiction to award fees to Deppe because the application was brought in the voluntary guardianship case and not in either case to which he was appointed. Their final brief point argues the district court went outside the scope of the issues in discussing the role of attorney L.H. in prior proceedings. The two claims are related and will be discussed together.

A GAL may be appointed for a vulnerable person in elder-abuse proceedings if justice requires, and cannot also serve as the vulnerable person's attorney in that proceeding. Iowa Code § 235F.4. Petitions for guardianship and conservatorship are within the jurisdiction of the district court sitting in probate. Iowa Code § 633.10(3). Courts have the power to appoint a GAL pursuant to Iowa Rule of Civil Procedure 1.212 and in order "to do whatever is essential to the performance of its constitutional functions." *Estate of Leonard v. Swift*, 656 N.W.2d 132, 139 (Iowa 2003) (quoting *Webster Cnty. Bd. of Supervisors v. Flattery*, 268 N.W.2d 869, 874 (Iowa 1978)). A GAL serves as an officer of the court and "advocates for the best interests of the" protected person. *Id.* An attorney representing a protected person "advances the wishes of the ward." *Id.* at 142. Mark and Tom argued to the district court that L.H., not Deppe, represented Opal's best interests. The record is clear that Deppe was appointed to serve as the GAL.

Mark and Tom were represented by an attorney in securing the guardianship and conservatorship. They argue the district court was outside the scope of proceedings in determining the attorney represented only them and not Opal. We disagree and proceed to the merits of the jurisdictional claim.

Deppe was appointed GAL in two cases, the elder abuse case ending 9480 and petition for involuntary guardianship and conservatorship ending 6719. Deppe was never appointed to the voluntary petition for guardianship or conservatorship or the trust case. According to the district court, "Because Deppe was involved in the [elder-abuse and involuntary petitions], he reviewed filings and received information relative to [the trust case]." Deppe ultimately petitioned the district court for fees pursuant to the voluntary petition because it was the only open conservatorship file at the time Deppe requested his fees. The district court found:

> While the court understands the complaint, the court does not believe this is a fatal defect. Both orders appointing Deppe indicat[e] that the ward is responsible for his fees. The conservatorship is in control of the ward's resources. The filing of the fee application in the open conservatorship file is appropriate.
>     . . . . The order does indicate that [the fee application] should be submitted to the court for approval. The fact that I am reviewing the fee application in this case satisfies the requirement that the court review the fee request.

The district court, sitting in probate, had jurisdiction over the open voluntary conservatorship. Iowa Code § 636.10(3). Following their appointment, Mark and Tom had the power to manage Opal's finances. *Id.* § 633.646. Deppe raised his claim for fees related to his multiple appointed roles directly with the open conservatorship. "Claims accruing before or after the appointment of the conservator, and whether arising in contract or tort or otherwise, after being

allowed . . . , shall be paid by the conservator from the assets of the conservatorship." *Id.* § 633.653. Thus, subject-matter jurisdiction exists.

B.     Abuse of Discretion

Mark and Tom argue the district court abused its discretion in awarding fees to Deppe related to the two cases for which he was not appointed. The only stance taken on this point is that the district court should not have awarded fees related to the voluntary petition and trust case because Deppe was not appointed to those cases. That argument is identical to the subject-matter jurisdiction argument. Because we have already determined the district court sitting in probate had jurisdiction over the open guardianship and conservatorship, and a proper application for fees was filed, the district did not abuse its discretion in awarding fees.

C.     Conflict of Interest

Mark and Tom argue the district court had a conflict of interest with Deppe because of his status as a magistrate in the Second Judicial District. They allege, "He shares the same hallways, office areas and court rooms as the Judge who presided over this case. This creates a conflict of interest with the presiding Judge of this case who did not properly recuse himself . . . ."[2]

The Judicial Code of Conduct bars a judge from testifying as a character witness or vouching for a person's character, in specifically enumerated proceedings, unless subpoenaed. Iowa Code of Judicial Conduct R. 51:3.3. Mark

---

[2] Although Mark and Tom cited to Iowa Code chapter 51 in support of this argument, it is clear from their brief they intended to invoke Chapter 51 of the Iowa Rules of Court, which contains the Iowa Code of Judicial Conduct.

and Tom argue the district court made statements about Deppe when accepting his statements in the record that violate the rule against providing character testimony, causing, at the very least, the appearance of impropriety. Deppe requested a total of $3853.68. The district court stated,

> The court has known Attorney Deppe for at least 15 years. He is generally regarded as a competent attorney and a straight shooter by the legal community. He is a Hardin County Magistrate and was recently one of the three finalists for a District Associate Judge position in District 2B. For those reasons, the court accepts his statement that all of the time submitted on his application was for work he believes reasonably necessary for his work as [GAL] in the two files in which he was appointed.

The district court then added that it considered that "the responsibilities of a [GAL] are not well defined" and that Deppe bore the burden of proof to show the services provided and value his claim. The district court then reduced the fee awarded to Deppe by five hours, due to vague block billing entries in his affidavit and a factual dispute over how many in-person meetings Deppe held with Opal. It also found the rate of $175.00 per hour was reasonable based on Deppe's experience. Following the reduction of five hours, at the rate of $175.00 per hour, the district court awarded fees in the amount of $2988.86.

The court's statement recites its history with Deppe and its knowledge of his reputation as a "straight shooter." The court's statement regarding Deppe's status as a magistrate and finalist for appointment to the bench also show an understanding that Deppe is a respected member of the legal community. Rather than expressing deference due to Deppe's position, the district court recognized Deppe's reputation for candor and his experience in practice, findings of credibility that are appropriate in considering the evidence, and not unusual in attorney-fee

determinations. We agree with Mark and Tom that the statement reflects that Deppe has a positive relationship with the court. However, there is no implication of a personal bias of the district court judge or that it accepted Deppe's statement based solely on his status as a magistrate. The statement does not rise to the level of character testimony or vouching in violation of the Iowa Code of Judicial Conduct.

## IV. Conclusion

The district court, sitting in probate, had subject-matter jurisdiction over the open voluntary guardianship and conservatorship and did not abuse its discretion in awarding GAL fees. The court's statements related to the attorney representing Mark and Tom in the prior guardianship and conservatorship proceedings were relevant to the court's consideration of Deppe's fee application. The court's statements on its knowledge of and experience with Deppe did not create a conflict of interest requiring judicial recusal.

**AFFIRMED.**